IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| AOH OCCUPATIONAL HEALTH LLC, and KEN JONES, M.D., | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:16-cv-01926-DCN |
| vs. | ) ) ) | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

The following matter is before the court on defendant State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment, ECF No. 38. For the reasons set forth below, the court grants the motion for summary judgment.

## I. BACKGROUND

The instant action arises out of an insurance dispute between State Farm and plaintiffs AOH Occupational Health LLC ("AOH") and Ken Jones, M.D. ("Dr. Jones," together with AOH, "plaintiffs"). On September 28, 2012, Dr. Jones allegedly performed an unauthorized examination on patient Gerald F. Davis ("Davis"). Compl. ¶¶ 5–7; Underlying Compl. ¶¶ 10–16. Davis filed suit against AOH and Dr. Jones in the Court of Common Pleas for Charleston County, bringing claims for assault and battery, intentional infliction of emotional distress, vicarious liability, and failure to supervise (the "Underlying Action"). Underlying Compl. ¶¶ 18–32. At the time of the alleged incident, plaintiffs held an insurance policy with State Farm, which plaintiffs believe provides coverage for a defense and indemnification in the Underlying Action. Compl. ¶¶ 6, 7.

1

However, State Farm refused to defend or indemnify AOH and Dr. Jones in the Underlying Action. Id. ¶ 8. Objector South Carolina Medical Malpractice Liability Insurance Joint Underwriting Association ("JUA") also provided plaintiffs with liability coverage at the time of the incident alleged in the Underlying Action. Def.'s First Mot. 2–3. JUA initially provided plaintiffs with a defense in the Underlying Action, but later withdrew coverage. Id.

On May 11, 2016, plaintiffs filed the instant action in the Court of Common Pleas for Charleston County, bringing claims against State Farm for breach of contract, bad faith refusal of benefits, and declaratory judgment. Underlying Compl. ¶¶ 9–18. It was removed on June 14, 2016. On March 15, 2018, State Farm filed a motion for summary judgment. ECF No. 38. Plaintiffs responded on April 29, 2018, ECF No. 44, and State Farm replied on May 32, 2018, ECF No. 45. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary

However, State Farm refused to defend or indemnify AOH and Dr. Jones in the Underlying Action. Id. ¶ 8. Objector South Carolina Medical Malpractice Liability Insurance Joint Underwriting Association ("JUA") also provided plaintiffs with liability coverage at the time of the incident alleged in the Underlying Action. Def.'s First Mot. 2–3. JUA initially provided plaintiffs with a defense in the Underlying Action, but later withdrew coverage. Id.

On May 11, 2016, plaintiffs filed the instant action in the Court of Common Pleas for Charleston County, bringing claims against State Farm for breach of contract, bad faith refusal of benefits, and declaratory judgment. Underlying Compl. ¶¶ 9–18. It was removed on June 14, 2016. On March 15, 2018, State Farm filed a motion for summary judgment. ECF No. 38. Plaintiffs responded on April 29, 2018, ECF No. 44, and State Farm replied on May 32, 2018, ECF No. 45. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III. DISCUSSION

State Farm asks the court to grant summary judgment based on the following grounds: (1) plaintiffs' lawsuit is based upon an insurance policy, 99-EW-8680-7, which did not insure the plaintiffs, but rather insured a different business; (2) the policies which did insure the plaintiffs were not in effect at the time of the incident involving Davis; and (3) none of the potential policies even provide coverage for Davis's lawsuit against plaintiffs. The court discusses the first two grounds below. Because State Farm is correct in arguing that there was no insurance policy in place for plaintiffs at the time of the incident based on the first two arguments, the court does not address the third issue.

**A. Policy 99-EW-8680-7 Provided Coverage for a Business other than AOH**

Plaintiffs' action against State Farm is based upon coverage under policy 99-EW-8680-7. Compl. ¶ 5. This policy insured 3625 Montague Avenue, LLC. Kolanko Dep, Ex. 1. AOH's office was located at 3625 Montage Avenue. However, according to Ken Kolanko ("Kolanko"), AOH's principal, 3625 Montague Avenue LLC is a completely separate legal entity than AOH; AOH merely operated its business at that location. Kolanko Dep. 20:2–21:2. Kolanko unequivocally states that policy 99-EW-8680-7 is not

AOH's policy with State Farm, that 3625 Montage Avenue LLC is not his company, and that he has absolutely no legal or financial interest in this separate company.  Id.

Plaintiffs summarily state that "at the time, there was no question that AOH and Jones were insured under the policy," yet fail to provide any convincing support for their claim that State Farm should now provide coverage under policy 99-EW-8680-7.  Resp. at 2.  First, plaintiffs point to statements by State Farm employee Tony Littleford ("Littleford"), in his notes regarding plaintiffs' claim: "I noticed coverage was not confirming so I called the AO and we obtained the proper business policy for the term including the date of loss."  Resp. at 2, citing AOH SF 16-17, Ex. 2.  However, there is nothing in this document clarifying whether the "proper business policy" is 99-EW-8680-7 or some other policy.  More significantly, this statement by Littleford, a State Farm employee, does not change the fact that policy 99-EW-8680-7 does not apply to AOH but to a different business.  This was not brought to the parties' attention until Kolanko's deposition in November 2017, which explains why letters from State Farm to AOH prior to November 2017 denying AOH's claim for coverage reference policy 99-EW-8680-7.[1] That is the policy upon which AOH based its original claim for coverage to State Farm. State Farm assessed whether AOH was entitled to discovery under that policy until it was informed that AOH, which resided at 3625 Montague Avenue, was legally distinct from the business entity 3625 Montague Avenue, LLC, which was the actual entity covered under policy 99-EW-8680-7.

---

[1] See ECF No. 44 Exhibits 1 and 2, letters dated May 27, 2014 and April 22, 2014, denying coverage to AOH and referencing the claim that was brought under Policy Number 99-EW-8680-7.

AOH believes that these letters from State Farm referencing policy 99-EW-8680-7 create "at least a question of fact with regard to whether AOH and Dr. Jones are insured parties." Resp. at 8. However, there is no genuine question of fact here, because the person that established that policy 99-EW-8680-7 does not cover AOH was Kolenko, AOH's own principal, and plaintiffs do not contest the validity of Kolenko's affidavit. There is no other evidence suggesting that policy 99-EW-8680-7 does in fact cover AOH and not simply 3625 Montague Avenue, LLC. Thus, the court finds that AOH is not entitled to coverage by State Farm in the underlying suit under 99-EW-8680-7.

### B. No Other State Farm Policy for AOH in Effect at the Time of the Incident

State Farm next alleges that although it had previously issued policies that actually did insure AOH, no policy was in effect on September 28, 2012, the date of the alleged incident between Davis and Dr. Jones. Mot. at 4. According to Debra Billings ("Billings"), a State Farm Underwriting Team Manager, State Farm had previously issued policy 99-EW-8679-5 to AOH, but that policy was cancelled on December 21, 2011 due to non-payment of the premium. Ex. G, Billings Aff. ¶ 5. State Farm issued another policy, 99-BN-N492-2, but that policy was cancelled on August 12, 2012, also because of non-payment of the premium. Id. On December 12, 2012, AOH again applied for a policy, which was issued with an effective date of December 18, 2012. Id. ¶ 4. Thus, "[t]here was no policy in place for [plaintiffs] between August 12, 2012 and December 18, 2012." Id. ¶ 5. Plaintiffs do not contest this in their response to the motion for summary judgment and do not contest the validity of Billings's affidavit. Thus, the court finds that AOH was not covered by any State Farm policy at the time of the alleged incident and grants summary judgment.

### C. Discovery

Plaintiffs' final effort to avoid summary judgment is their argument that summary judgment is not appropriate at this stage because further discovery must be done on the issue of whether a policy existed. Resp. at 8. As discussed above, the court finds that there is no genuine dispute of material fact that policy 99-EW-8680-7 did not cover AOH and that there was no other valid State Farm policy in place for AOH at the time of the incident. Second, the court's sixth scheduling order mandated that discovery should be completed by February 28, 2018. ECF No. 37. Kolanko's deposition, establishing that plaintiffs' suit was predicated on the wrong policy, took place in November, 2017. This gave plaintiffs four months before the discovery deadline to explore this issue more. The court will not disregard its own scheduling order, particularly when plaintiffs have offered no valid reason to do so.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion for summary judgment.

**AND IT IS SO ORDERED.**

                **DAVID C. NORTON**
                **UNITED STATES DISTRICT JUDGE**

**June 11, 2018**
**Charleston, South Carolina**